UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re Ex Parte APPLICATION OF THE AKKERMANSIA COMPANY FOR AN ORDER PURSUANT TO 28 U.S.C. §1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS | Case No. _____ |

**MEMORANDUM OF LAW IN SUPPORT OF EX PARTE PETITION AND APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**

Applicant The Akkermansia Company ("TAC" or "Applicant") respectfully petitions this Court for an order, pursuant to 28 U.S.C. §1782, authorizing discovery from two Massachusetts residents, Dr. Alice Liou Fitzpatrick and Dr. Lee M. Kaplan, for use in a pending entitlement action pending in Belgium relating to European patent applications.

## I. INTRODUCTION

This Petition relates to a dispute over the inventorship of a pharmaceutical composition using the administration of a therapeutically effective amount of the bacterium *Akkermansia* to treat metabolic disorders, including obesity. Specifically, Dr. Liou Fitzpatrick and Dr. Kaplan are named as co-inventors on a patent application originally filed in the United States Patent and Trademark Office and its international counterpart that is being prosecuted in the European Patent Office ("EPO"). The U.S. patent application is now co-owned by Ethicon Endo-Surgery, Inc. ("Ethicon") and The General Hospital Corporation d/b/a Massachusetts General Hospital ("GHC"), while its counterpart that is being prosecuted in the European Patent Office is co-owned by Ethicon, GHC, and President and Fellows of Harvard College ("Harvard").

TAC has filed an entitlement proceeding in the Belgian Enterprise Court in Brussels, Belgium, against Ethicon and GHC seeking a determination that, *inter alia*, Wageningen University in the Netherlands and UCLouvain University in Belgium ("the Universities") should be named co-owners of that patent application. A major issue in that dispute is the fact that Dr. Liou Fitzpatrick and her co-inventors obtained critical information from presentations made by researchers from the Universities and used that information in amending and prosecuting the European patent application at issue in the entitlement proceeding. Dr. Liou Fitzpatrick and her co-inventor Dr. Kaplan are currently located in Massachusetts. Thus, Applicant seeks discovery from these researchers to provide additional evidence for the Belgian court to adjudicate this dispute as to the ownership of the invention that is the subject of the European patent application.

Section 1782 authorizes "[t]he district court of the district in which a person resides or is found [to] order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. §1782 (a). As explained in more detail below, the discovery TAC seeks in its Petition satisfies all the statutory requirements for discovery under this procedure. Moreover, the discretionary factors governing such requests also weigh in favour of ordering the requested discovery to occur. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004). Therefore, Applicant respectfully requests that this Court authorize it to obtain document production and deposition testimony from these Massachusetts residents.

## II. FACTUAL BACKGROUND

The bacterium *Akkermansia* occurs in the human intestine. It was discovered in 2004 under the leadership of Dr. Willen De Vos at Wageningen University in the Netherlands. Dr. De Vos subsequently researched this bacterium further with academic researchers from UCLouvain

2

University in Belgium (collectively, "the University Inventors"). The studies conducted by the University Inventors showed that the administration of *Akkermansia* positively influenced certain metabolic disorders, particularly obesity and diabetes. Based on those results, the Universities filed an international patent application with the European Patent Office on November 19, 2012. That application (PCT/EP201/2073011) was published as WO 2014/07545 on May 22, 2014. Ultimately European Patent EP 2 919 796 B1 was granted to the Universities on April 28, 2021.

On March 6, 2012, results of the University Inventors' research were presented to a small group of colleagues at a poster presentation during the Keystone Symposium on the Microbiome held in Colorado. One of the individuals who participated in that Symposium and attended the University Inventors' presentation was Dr. Alice Liou (now Dr. Alice Liou Fitzpatrick). After the University Inventors' research was presented at the Keystone Symposium, the patent application on which Dr. Liou Fitzpatrick was named as a co-inventor incorporated the *Akkermansia* study results of the University Inventors. TAC contends in the Belgian proceeding (in the name of the Universities) that as a result of this use of the information developed by the University Inventors, and the resulting substantial changes brought to the European patent application, the Universities are entitled to the invention in that patent application such that the Universities are owners of any patent issuing therefrom.

As a result of these facts, TAC believes that Dr. Liou Fitzpatrick and Dr. Kaplan have important documentary and testimonial evidence concerning its claims in the pending entitlement proceedings. The specific document requests that TAC seeks to serve on these witnesses are attached as Exhibit A to the Davis Declaration.

## III. ARGUMENT

### A. The Requested Discovery Meets Section 1782's Statutory Prerequisites

The judicial assistance statute, 28 U.S.C. § 1782, permits a person with a sufficient interest in a proceeding before a foreign tribunal to obtain discovery in the United States for use in the foreign proceeding. That statute provides:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . The order may be made upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

The first requirement for discovery under Section 1782 is that the applicant is an "interested person." *See* 28 U.S.C. § 1782(a). The named litigant in a foreign proceeding is an "interested person" within the scope of Section 1782. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004). TAC is the plaintiff in the Belgian proceeding. *See* Davis Decl. at Exhibit B, p. 1 (English translation of Complaint showing The Akkermansia Company as named plaintiff). As a named party in that proceeding, TAC is an interested person for purposes of the statute.

The second requirement is that the person from whom discovery is sought must be a person who resides or is found in the judicial district where the applicant seeks judicial assistance. *Intel*, 542 U.S. at 249, 256. Both Dr. Liou Fitzpatrick and Dr. Kaplan work in this District and are believed to reside in this district. *See* Davis Declaration at ¶¶ 3-4. Specifically, Dr. Liou Fitzpatrick is employed by Fractyl Health, located in Lexington, Massuchusets. *Id.* at Exhibit C. Dr. Kaplan is Director, The Obesity Course Online, in Boston, Massachusetts. *Id.* at Exhibit D. Thus, both of the persons from whom TAC seeks discovery reside, or are found in, this judicial district.

4

The third requirement is that the discovery must be sought for use in a "proceeding in an international tribunal." *ZF Automotive, US, Inc. v. Luxshare, Ltd.*, 142 S. Ct. 2078, 2083(2022). The proceeding for which the discovery from Drs. Liou Fitzpatrick and Kaplan is sought is a court case filed on October 28, 2022 in the Francophone Enterprise Court in Brussels, Belgium. *See* Davis Declaration, Exhibit B. That proceeding is conducted before a panel of three judges who will determine the inventorship dispute between TAC and defendants Ethicon, GHC and Harvard. *See* Campolini Declaration at ¶ 2.

Thus, the subpoenas to both Dr. Liou Fitzpatrick and Dr. Kaplan satisfy all three of the statutory requirements set forth in Section 1782.

## II. THE *INTEL* DISCRETIONARY FACTORS ALSO FAVOR GRANTING THIS APPLICATION

The language of Section 1782 provides discretion for the district court to order discovery once the three statutory requirements are met. *See Intel*, 542 U.S. at 259-261. The Supreme Court provided four nonexclusive discretionary factors for the court to consider in determining whether to order discovery: whether the person from whom discovery is sought is a participant in the foreign proceedings; (2) the nature and character of the foreign proceedings and the receptivity of the foreign body involved to United States judicial assistance; (3) whether the application attempts to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the requests are unduly intrusive or burdensome. *Id.* at 264-65. These factors do not create a burden that the applicant must meet, but are instead considerations to guide the district court in exercising its discretion. *See In re Schlich*, 893 F. 3d 40, 50 (1st Cir. 2018).

The first discretionary factor is whether the person from whom the discovery is sought is a party to the foreign proceeding. *Id.* When the party from whom discovery is sought is not a

party to the foreign proceeding, this factor favors discovery. *Id.* at 47. Here, the parties to the foreign proceeding are Ethicon, GHC and Harvard. Davis Declaration, Exhibit B. In some cases, this factor has been held to look to whether the persons from whom discovery is sought are employees of a named party. *See In re Schlich*, 2016 WL 7209565, at *4. Here, neither of the persons from whom discovery is sought appear to be current employees of a named party to the foreign proceeding.[1] Because neither Dr. Liou Fitzpatrick nor Dr. Kaplan are parties to that proceeding, this factor favors granting the application.

The second factor is the nature of the foreign proceedings and whether that foreign tribunal will be receptive to evidence obtained through this Court's judicial assistance. *Intel*, 542 U.S. at 264-65. Pursuant to Belgian law, the Belgian court will receive evidence developed through U.S. discovery proceedings. *See* Campolini Declaration at ¶ 3.

The third factor is whether the request conceals an attempt to circumvent foreign proof limits or other policies of the foreign country or the United States. *Intel*, 542, U.S. at 265. Again, as explained in the Campolini Declaration, there is no effort to circumvent any policies of either Belgium or the United States. *Id.* at ¶¶ 3-4. The need to invoke Section 1782 to obtain this discovery comes from the fact that these witnesses are located in the United States, not Belgium.

The fourth factor is whether the discovery request is unduly intrusive or burdensome. *See Intel*, 542 U.S. at 260, 264. As reflected in Exhibit A to the Davis Declaration, TAC's requests are for a targeted set of documents that are narrowly tailored to address the specific disputed issues raised in the Belgian action. The documents sought go directly to the issue of what was learned at the Keystone Symposium (versus what was known about the *Akkermansia*

---

[1] Dr. Kaplan appears to have terminated his relationship with GHC in August 2022 and, therefore, he should not be treated as its employee for purposes of the Section 1782 analysis. *See* Davis Declaration, Exhibit D.

bacterium before then) and how it was used to seek the European patents at issue in the pending proceeding.

In addition to the discretionary factors provided in the *Intel* case, courts have also examined other factors, including whether there is reciprocity, *i.e.,* whether the courts in the foreign country would grant judicial assistance to U.S. litigants. Belgium and the United States can and do cooperate in the taking of evidence in civil and commercial matters. Letters rogatory can be exchanged between both countries and Belgian law provides that Belgian Courts enforce U.S. letters rogatory upon authorization from the Belgian Ministry of Justice. *See* Campolini Declaration at ¶ 5. Thus, this factor also favors granting the application.

Finally, some courts have weighed as an additional discretionary factor whether one party in the foreign proceeding is able to use U.S. discovery while another is not. Any parity concerns are resolved by requiring that the party seeking U.S. discovery agree to permit its opponent to have the opportunity to take reciprocal discovery. *See Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 597 (7th Cir. 2011). TAC agrees that it would not oppose a reasonable Section 1782 request for discovery in the United States.

## III. CONCLUSION

Because this Application meets the statutory requirements of 28 U.S.C. § 1782, and because the discretionary factors also favor granting the Application, TAC requests that the Court grant this Application and authorize it to serve subpoenas and obtain document production and deposition testimony from Dr. Alice Liou Fitzpatrick and Dr. Kaplan.

|                          | Respectfully submitted |
|--------------------------|------------------------|
| Dated: November 9, 2022  | */s/ Daniel L. Shores* |

Daniel L. Shores (MA Bar. No. 681290)
dshores@rothwellfigg.com
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
10 Post Office Square
Suite 800 South
Boston, MA 02109
Telephone: (617) 312-3101 or (202) 783-6040
Facsimile: (202) 783-6031

Sharon L. Davis (*pro hac vice to be filed*)
sdavis@rothwellfigg.com
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Ave., N.W., Suite 900 East
Washington, DC 20001
Telephone: (202) 783-6040
Facsimile: (202) 783-6031

*Attorneys for Applicant The Akkermansia Company*