**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In Re Ex Parte APPLICATION OF THE AKKERMANSIA COMPANY FOR AN ORDER PURSUANT TO 28 U.S.C. §1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS | Case No. 1:22-MC-91577-DJC |

**MOTION FOR AN ORDER PERMITTING ADDITIONAL DISCOVERY PURSUANT TO 28 U.S.C. § 1782 FOR USE IN FOREIGN PROCEEDINGS**

Applicant The Akkermansia Company ("TAC" or "Applicant") respectfully petitions this Court for an order, pursuant to 28 U.S.C. § 1782, authorizing discovery from a Massachusetts resident, William C. Geary, for use in a pending entitlement action pending in Belgium relating to European patent applications. This motion seeks discovery for use in the same proceeding that was the subject of its original Application, filed on November 9, 2022. *See* Dkt. 1. That Application was granted on November 10, 2022. *See* Dkt. 7. Applicant has served the authorized subpoenas on the two witnesses that were the subject of the original Application and is in contact with their counsel concerning their responses thereto.

TAC submits this motion in order to obtain discovery from an additional individual who is located in Massachusetts and has evidence that is relevant to the same entitlement action that formed the basis for the original Application. Specifically, William C. Geary was the patent counsel who filed two patent applications (US provisional patent application 61/604,824 and PCT/US2013/028271), which are the focus of the entitlement dispute as described in the original Application. *See* Dkt. 2. He is believed to have evidence relating to the subject matter added to

the provisional patent application in preparing the PCT patent application after the disclosures at the Keystone Symposium as described in the original Application.  *See id.* at 3.  Mr. Geary works at the offices of the Mintz law firm in Boston.  *See* Second Declaration of Sharon Davis (Second Davis Decl.) at ¶ 2 and Exhibit F.

As to both the required statutory factors and discretionary factors governing the grant of an application for discovery under 28 U.S.C. § 1782, the same legal analysis applies to this request for discovery from Mr. Geary as to the discovery sought in the original Application.  *See* Dkt. 2 at 4-7.

Those factors that are specific to the discovery sought from Mr. Geary all support the application for discovery from Mr. Geary.  *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004) (describing the statutory requirements and discretionary factors governing discovery under Section 1782).  As an initial matter, Mr. Geary meets the statutory requirement that he be a person found in this district because he works in a Boston office of his law firm.  *See* Second Davis Decl. at ¶ 2.  Thus, as with the original Application, this request meets all of the statutory requirements for discovery pursuant to Section 1782 to proceed.

As to the discretionary factors governing this Court's decision as to whether to allow discovery pursuant to Section 1782, both of the factors that are specific to the individual discovery sought favor allowing the requested discovery from Mr. Geary.  The first discretionary *Intel* factor is whether the individual from whom discovery is sought is a party to the foreign proceeding.  *Intel,* 542 U.S. at 264-65.  Because Mr. Geary is not a party to the Belgian entitlement proceeding for which his documents and testimony are sought, this discretionary factor favors granting the discovery sought.  *See* Declaration of Sharon L. Davis, Esq. at ¶ 2 and Exhibit B (Dkt. 4).  The fourth discretionary *Intel* factor is whether the discovery request is

unduly intrusive or burdensome. *Intel,* 542 U.S. at 260, 264. As reflected in Exhibit E to the Second Davis Declaration, TAC's requests are for a targeted set of documents that are narrowly tailored to address the specific disputed issues raised in the Belgian action. Second Davis Decl. at ¶ 1. Thus, this discretionary factor also weighs in favor of the requested discovery.

Because, as explained in the original Application and herein, the statutory requirements for the requested discovery are met, and the discretionary factors all weigh in favor of allowing the requested discovery, TAC respectfully requests that its motion be granted and the Court issue an order authorizing Applicant to serve subpoenas and obtain document production and deposition testimony from William C. Geary.

Dated: December 5, 2022            Respectfully submitted,

*/s/ Daniel L. Shores*
Daniel L. Shores (MA Bar No. 681290)
dshores@rothwellfigg.com
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
10 Post Office Square
Suite 800 South
Boston, MA 02109
Telephone: (617) 312-3101 or (202) 783-6040
Facsimile: (202) 783-6031

Sharon L. Davis (*pro hac vice to be filed*)
sdavis@rothwellfigg.com
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Ave., N.W., Suite 900 East
Washington, DC 20001
Telephone: (202) 783-6040
Facsimile: (202) 783-6031

*Attorneys for Applicant The Akkermansia Company*