UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                        )
In re <u>Ex Parte</u> APPLICATION OF THE      )
AKKERMANSIA COMPANY FOR AN ORDER   )            No. 22-mc-91577-DJC
PURSUANT TO 28 U.S.C. § 1782              )
_____  )

REPORT AND RECOMMENDATION ON MOTION TO COMPEL
<u>DISCOVERY ORDERED BY THE COURT PURSUANT TO 28 U.S.C. § 1782</u>
[Docket No. 17]

May 5, 2023

Boal, M.J.

On November 10, 2022, Judge Casper granted The Akkermansia Company's ("TAC") <u>ex</u>

<u>parte</u> application for a subpoena pursuant to 28 U.S.C. § 1782 for documents and deposition

discovery in aid of an action in Belgium relating to European patent applications.  Docket No. 7.

Judge Casper subsequently also granted TAC's motion for additional discovery.  Docket No. 12.

TAC has moved for an order compelling respondents Dr. Lee M. Kaplan, Mr. William C. Geary,

and Dr. Alice Liou Fitzpatrick (collectively, the "Respondents") to comply with the subpoenas.

Docket No. 17.[1]  For the following reasons, I recommend that Judge Casper grant in part and

deny in part the motion.[2]

_____

[1] On April 4, 2023, Judge Casper referred the motion to the undersigned.  Docket No. 23.

[2] Courts disagree over whether a Section 1782 proceeding, or a motion thereunder, is a
dispositive motion requiring the magistrate judge to issue a report and recommendation.  <u>See</u> <u>In</u>
<u>re Application of Ilyas Khrapunov</u>, No. 17-mc-80107-HSG, 2018 WL 3239001, at *4 (N.D. Cal.
July 3, 2018) ("Section 1782 applications are not among the eight listed dispositive motions in
the Magistrates Act, and Objectors fail to describe why the order here is analogous to those
listed."), <u>rev'd on other grounds</u>, 931 F.3d 922 (9th Cir. 2019); <u>In re Clerici</u>, 481 F.3d 1324,
1331 (11th Cir. 2007) (standard of review for discovery ordered under Section 1782 "is identical
to that used in reviewing the district court's ordinary discovery rulings"); <u>In re Qwest Commc'ns</u>
<u>Int'l. Inc.</u>, No. 3:08mc93, 2008 WL 2741111, at *1-3 (W.D.N.C. July 10, 2008).  <u>But see</u> <u>Phillips</u>
<u>v. Beierwaltes</u>, 466 F.3d 1217, 1221-22 (10th Cir. 2006) (questioning whether a Section 1782
application for discovery in aid of foreign litigation could be characterized as a non-dispositive

I.    FACTUAL BACKGROUND

   A.    The Patents

TAC maintains that Dr. Willen De Vos and a team of academic researchers (the "University Inventors") from Wageningen University and UCLouvain University (the "Universities") showed that the administration of the bacterium Akkermansia positively influenced the health of intestinal flora and certain metabolic disorders, particularly obesity and diabetes.  Docket No. 2 at 2-3; Docket No. 18 at 2-3.  On November 19, 2012, the Universities filed an international patent application with the European Patent Office based on results of those studies.  Docket No. 2 at 2-3.  That application was published on May 22, 2014.  Id. at 3. Ultimately, European Patent EP 2 919 796 B1 was granted to the Universities on April 28, 2021. Id.

On March 6, 2012, the results of the University Inventors' research were presented to a small group of colleagues at a poster presentation during the Keystone Symposium on the Microbiome held in Colorado.  Docket No. 2 at 3.  Respondent Dr. Fitzpatrick attended the presentation.  Id.  TAC alleges that, on February 28, 2013, Dr. Fitzpatrick and Dr. Kaplan were named as inventors on international patent application PCT/US2013/028271, which reflected the University Inventors' research on Akkermansia without obtaining permission from or giving credit to the University Inventors.  Docket No. 18 at 3.

According to the Respondents, during the period covered by the subpoenas, Dr. Kaplan and Dr. Fitzpatrick were employed by Massachusetts General Hospital ("MGH") and were

_____

matter); Wright & Miller, 12 Fed. Prac. & Proc. Civ. § 3068.2 (2018) (Section 1782 proceedings "qualify as dispositive" because "the sole purpose of the proceeding is to obtain discovery," and accordingly, a ruling on a "motion to compel such discovery is a final, dispositive matter.").  In view of the conflicting authority, and out of an abundance of caution, this Court will issue a report and recommendation.

researching the changes in the gut microbiome in mice following gastric bypass surgery.  Docket No. 21 at 3.  During their research, they discovered that the presence of the naturally occurring microorganism Akkermansia correlated strongly with certain biological conditions in mice— notably obesity and glucose levels.  Id. at 3-4.  With the help of Boston patent attorney William Geary, they filed a provisional patent application on February 29, 2012, and explicitly disclosed the use of bacteria of genus Akkermansia to alter the composition of a subject gut's microbiome.  Id.  That application was ultimately granted along with several other related U.S. patents to the MGH led research team (the "Kaplan Patents").  Id.

      B.      The U.S. Interference Proceeding

TAC sought to cancel the claims of the Kaplan Patents on the use of Akkermansia.  Docket No. 21 at 4.  On January 26, 2021, the U.S. Patent and Trial Appeal Board ("PTAB") initiated a patent interference[3] between the Kaplan Patents and related patent applications and patent applications filed by TAC on January 26, 2021.  Id.

Discovery is limited in interference proceedings.  See Docket No. 21-2 at 47.  A junior party must serve on the senior party its positions as of the date of invention and supporting evidence first.  See Docket No. 21-2 at 74.  Only after the senior party receives the junior party's positions and evidence, must it respond with its own position and evidence.  See id.  In the U.S. interference proceedings, Dr. Kaplan was designated as the senior party and TAC was designated as the junior party.  Docket No. 21 at 5.  TAC has argued that it should be designated as the

---

[3] "[A] patent interference is designed to determine whether two patent applications (or a patent application and an issued patent) are drawn to the same patentable invention and, if so, which of the competing parties was the first to invent the duplicative subject matter."  Cell Genesys, Inc. v. Applied Research Sys. ARS Holding, N.V., 499 F.Supp.2d 59, 70 (D. Mass. 2007) (citing Noelle v. Lederman, 355 F.3d 1343, 1350 (Fed. Cir. 2004)).

senior party and has requested that Dr. Kaplan serve his evidence and arguments early but the PTAB denied such requests.  See id.

        C.      The Belgian Entitlement Proceeding

On October 28, 2022, TAC filed an entitlement proceeding in the Belgian Enterprise Court in Brussels, Belgium against Ethicon Endo-Surgery, Inc. ("Ethicon"), MGH, and Harvard, seeking a determination that the Universities should be named co-owners of the Kaplan Patents (the "Belgian Entitlement Proceeding").  Docket No. 2 at 2; Docket No. 21 at 6.  TAC alleges that Dr. Kaplan is not entitled to a patent because Dr. Kaplan derived the invention from TAC. Docket No. 21 at 6.  Among other things, TAC points to Dr. Fitzpatrick's attendance at the Keystone Symposium conference as evidence for its position.  See id.

        D.      The Section 1782 Subpoena Application

On November 9, 2022, TAC filed an ex parte application seeking discovery pursuant to 28 U.S.C. § 1782 for use in the Belgian Entitlement Proceeding.  Docket No. 1.  TAC sought document and deposition testimony from Dr. Fitzpatrick and Dr. Kaplan.  Judge Casper granted the application on November 10, 2022.  Docket No. 7.  On December 5, 2022, TAC filed a motion authorizing additional discovery from Mr. Geary.  Docket No. 8.  Judge Casper granted that motion on January 19, 2023.  Docket No. 12.

TAC served the Fitzpatrick and Kaplan subpoenas in November 2022.  See Docket No. 21 at 7.  TAC served the Geary subpoena on January 30, 2023.  Id. at 8.  On February 24, 2023, the Respondents served their objections to all three subpoenas.  See id.  TAC would not agree to the Respondents' request for a protective order limiting the use of responsive material to the Belgian Entitlement Proceeding.  See id.

TAC filed the instant motion to compel on March 13, 2023.  Docket No. 17.  The

Respondents filed their opposition on March 29, 2023, to which TAC filed a reply on April 25,

2023.  Docket No. 28.  This Court heard oral argument on May 3, 2023.

II.    ANALYSIS

A.    Section 1782's Statutory Requirements And The Intel Factors

Title 28, United States Code, Section 1782, "authorizes district courts to order persons

residing in their district to participate in discovery 'for use in a proceeding in a foreign or

international tribunal,' when an application for such discovery is made by a foreign or

international tribunal, or by 'any interested person.'"  In re Porsche Automobil Holding SE, 985

F.3d 115, 120 (1st Cir. 2021).  Granting discovery pursuant to Section 1782 is proper only if:

> 1) the person from whom discovery is sought "resides or is found" in the
> district where the court sits; 2) the request seeks evidence (the "testimony
> or statement" of a person or the production of a "document or other thing")
> "for use in a proceeding in a foreign or international tribunal"; 3) the request
> is made by "any interested person"; and 4) the material sought is not
> protected by "any legally applicable privilege."

In re Schlich, 893 F.3d 40, 46 (1st Cir. 2018) (citing 28 U.S.C. § 1782).

Satisfaction of these statutory elements "authorizes, but does not require, discovery

assistance."  Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004).  Rather,

courts must consider the following factors in exercising their discretion whether to allow

discovery pursuant to Section 1782:

> (1) whether the discovery is sought from a participant in a foreign
> proceeding (thereby suggesting that the foreign tribunal might obtain the
> discovery "absent § 1782 aid"); (2) "the nature of the foreign tribunal, the
> character of the proceedings underway abroad, and the receptivity of the
> foreign government or the court or agency abroad" to assistance from U.S.
> federal courts; (3) whether a section 1782 request "conceals an attempt to
> circumvent foreign proof-gathering limits or other policies of a foreign
> country or the United States"; and (4) whether the subpoena contains
> "unduly intrusive or burdensome requests."

In re Porsche, 985 F.3d at 120 (citing Intel Corp., 542 U.S. at 264-265).  "[D]istrict courts must exercise their discretion under § 1782 in light of the twin aims of the statute: 'providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts.'"  In re Schlich, 893 F.3d at 46-47 (quoting Intel Corp., 542 U.S. at 252).

In addition to the discretion accorded to the district courts under Section 1782 to limit the scope of discovery, Rule 26 of the Federal Rules of Civil Procedure also allows the court discretion to limit discovery.  In re Apotex Inc., No. M12-160, 2009 WL 618243, at *3 (S.D.N.Y. Mar. 9, 2009).  Rule 26 permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  Rule 26(b)(1) generally permits liberal discovery of relevant information.  Baker v. Liggett Grp., Inc., 132 F.R.D. 123, 125 (D. Mass. 1990).  As the Supreme Court has instructed, because "discovery itself is designed to help define and clarify the issues," the limits set forth in Rule 26 must be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  However, courts must also consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

Any discovery taken pursuant to Section 1782 is also governed by Fed. R. Civ. P. 26(b)(2), which authorizes a court to limit discovery if it is: (1) unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less

burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (3) the proposed discovery is outside the scope permitted by Fed. R. Civ. P. 26(b)(1).  Fed. R. Civ. P. 26(b)(2)(C); see also Bayer AG v. Betachem, Inc., 173 F.3d 188, 191 (3d Cir. 1999).  Finally, a Rule 45 subpoena must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1).  Miller v. Allstate Fire & Cas. Ins. Co., No. 07-260, 2009 WL 700142, at *2 (W.D. Pa. Mar. 17, 2009) (citation omitted); see, e.g., In re Application of Yukos Hydrocarbons Invs. Ltd., No. 5:09-MC-0078 (NAM/DEP), 2009 WL 5216951, at *4 (N.D.N.Y. Dec. 30, 2009) (applying Rule 45 criteria to consideration of a Section 1782 request).

      B.    The Intel Factors

      The Respondents focus largely on the Intel factors, which they argue weigh against discovery.  Docket No. 21 at 9-17.

      The first Intel factor is whether those from whom the applicants seek discovery are participants in the foreign proceeding.  When they are, "the need for § 1782 aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad."  Intel, 542 U.S. at 264.  The first factor appears to favor granting the application because the Respondents are not participants in the Belgian Entitlement Proceeding.  The Respondents argue, however, that the information sought by the subpoenas likely can be obtained from MGH, a named party in the Belgian Entitlement Proceeding.  See Docket No. 21 at 13-14.  While some of the information requested by the subpoenas may be available from MGH, it appears that the Respondents may be in the possession of relevant and responsive information not available to MGH.  For example, Dr. Fitzpatrick has personal knowledge about what she learned from the Keystone Symposium and may have documents related to that topic

(e.g., personal notes). In addition, she is no longer employed by MGH. The first factor, therefore, weighs in favor of allowing the discovery.

The second Intel discretionary factor is "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." Id. The Respondents do not appear to dispute TAC's representations that the Belgian court would be receptive to any evidence obtained pursuant to the subpoenas. See Docket No. 2 at 6; Declaration of Philippe Campolini, Esq. ("Campolini Decl.") at ¶¶ 3-4.

Third is "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." Intel, 542 U.S. at 265. TAC has tried to obtain evidence in the U.S. interference proceeding that the PTAB denied. See Docket No. 21 at 5. The Belgian Entitlement Proceeding and the Section 1782 application were filed shortly after the PTAB denied TAC's discovery requests. In addition, TAC failed to disclose the PTAB interference proceedings in its initial application for a Section 1782 subpoena. Finally, TAC has refused to enter into a protective order restricting the use of the Section 1782 subpoena materials to the Belgian Entitlement Proceeding.[4] These facts

---

[4] This Court takes no position on whether Section 1782 or the Federal Rules of Civil Procedure preclude discovery that is lawfully obtained under Section 1782 from being used in a United States proceeding. See Docket No. 18 at 4-5. Rather, this Court finds that, TAC's refusal to enter into such a protective order, in combination with the timing of its application for a Section 1782 subpoena, support a finding that TAC is seeking discovery for use in connection with the PTAB proceeding rather than for use in the Belgian Interference Proceeding. See, e.g., Glock v. Glock, 797 F.3d 1002, 1009 (11th Cir. 2015) (recognizing courts' authority to enter protective orders precluding evidence obtained pursuant to a Section 1782 subpoena from being used in U.S. proceedings). Because, as discussed below, this Court is recommending that Judge Casper narrow the scope of the subpoenas, it does not recommend entry of a protective order before TAC may obtain discovery pursuant to Section 1782. The parties may, of course, enter into a confidentiality order. See Docket No. 18 at 4.

suggest that TAC may be, at least in part, using Section 1782 to circumvent proof gathering restrictions at the PTAB.

Finally, this Court should consider whether the requested discovery is "unduly intrusive or burdensome." Intel, 542 U.S. at 265. The scope of the subpoenas is overly broad. The Belgian Entitlement Proceeding is based on the theory that the inventors of the Kaplan Patents derived their invention from disclosures at the Keystone Symposium conference. Requests 4-7 to Dr. Fitzpatrick and Dr. Kaplan and Requests 3-7 to Mr. Geary, however, go beyond the events at the Keystone Symposium conference.[5] In addition, the subpoena to Mr. Geary seeks documents and testimony that are likely privileged. See, e.g., In re Spalding Sports Worldwide, Inc., 203 F.3d 800, 805 (Fed. Cir. 2000) (holding that invention record provided to patent counsel is a privileged communication).[6]

Balancing all of the factors, this Court finds that discovery should be allowed but should also be narrowed substantially. Specifically, I recommend that Judge Casper compel Dr. Fitzpatrick and Dr. Kaplan to produce non-privileged[7] documents responsive to Requests Nos. 1-3 within 30 days and to appear for a 2-hour deposition at a mutually agreeable time and date

---

[5] The Respondents argue that because Dr. Kaplan and Mr. Geary did not attend the Keystone Symposium conference, the subpoenas are overly broad as to all their terms as to both of them. Docket No. 21 at 15. I disagree. Both Dr. Fitzpatrick and Dr. Kaplan were involved in the research leading to the Kaplan Patents and Mr. Geary was the patent attorney who filed the patent applications at issue here. Therefore, Dr. Kaplan and Mr. Geary may be in the possession of relevant and responsive documents.

[6] To the extent that the subpoenas seek privileged information, they also run afoul of the statutory requirements. 28 U.S.C. §1782(a) ("A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege."); see also In re Schlich, 893 F.3d at 46.

[7] To the extent that the Respondents maintain that Requests Nos. 1-3 call for the disclosure of privileged documents, they should provide a privilege log for any documents withheld on that basis.

within two weeks after the production of documents.  I further recommend that the motion be

denied as to Mr. Geary.

III.     RECOMMENDATION

        For the foregoing reasons, this Court recommends that Judge Casper grant in part and

deny in part the motion.

IV.     REVIEW BY DISTRICT JUDGE

        The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any

party who objects to these proposed findings and recommendations must file specific written

objections thereto with the Clerk of this Court within 14 days of service of this Report and

Recommendation.  The written objections must specifically identify the portion of the proposed

findings, recommendations, or report to which objection is made, and the basis for such

objections.  See Fed. R. Civ. P. 72.  The parties are further advised that the United States Court

of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P.

72(b) will preclude further appellate review of the District Court's order based on this Report

and Recommendation.  See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999);

Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983

F.2d 343 (1st Cir.1993).

                                        /s/ Jennifer C. Boal
                                        JENNIFER C. BOAL
                                        United States Magistrate Judge